Filed 7/18/24  Conservatorship of A.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person of A.G. | |
| PUBLIC GUARDIAN OF SONOMA COUNTY, <br><br> Petitioner and Respondent, <br> v. <br> A.G., <br><br> Objector and Appellant. | A169923 <br><br> (Sonoma County <br> Super. Ct. No. 24PR00008) |

MEMORANDUM OPINION[1]

Following a court trial in February 2024, the trial court found objector and appellant A.G. to be gravely disabled under the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.).  The court appointed the Sonoma County Public Guardian (public guardian) as A.G.'s conservator.  On appeal, A.G. claims that reversal is required because the court failed to advise him of his right to a jury trial and obtain a personal waiver of that

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

right.  The public guardian did not file a respondent's brief.  We agree with A.G. that prejudicial error occurred.

In January 2024, the public guardian petitioned to be appointed conservator over A.G., who was unhoused but currently in the hospital being treated for "a number of infections."  At a hearing on January 31, A.G.'s trial counsel was present but A.G. was not.  After stating that A.G. had authorized a waiver of his appearance, counsel reported that she had "explained to him that he had an option to have a jury trial or a court trial."  She continued, "He is prepared to waive jury.  He wants to have a judge trial, but he does not want to waive time."  There was no further discussion of the jury-trial right.  At the end of the hearing, the trial court found "a factual basis to conclude that [A.G.] was advised of his rights and made a knowing, intelligent, and voluntary waiver of jury," and it set the matter for a court trial.

The court trial was held a week later before a different judge.  A forensic psychiatrist testified that A.G. had "[m]ajor depressive disorder with psychotic features" and was gravely disabled as a result.  A.G., who appeared by Zoom from the hospital, testified that he did not have any mental illnesses and wanted to be released from the hospital so he could return to living on "the streets."  At the conclusion of the trial, the trial court granted the public guardian's petition and imposed a one-year conservatorship, which expires on February 7, 2025.

A proposed conservatee has "the right to demand a court or jury trial on the issue of whether the person is gravely disabled."  (Welf. & Inst. Code, § 5350, subd. (d)(1).)  The trial court is required to "inform the proposed conservatee of . . . [¶] . . . [¶] . . . the right . . . to have the matter of the establishment of the conservatorship tried by jury."  (Prob. Code, § 1828,

2

subd. (a)(6); see Welf. & Inst. Code, § 5350 [incorporating procedures from Probate Code].)

There is a split of authority on whether a trial court must "obtain a personal, on-the-record waiver of the jury trial right." (*K.R. v. Superior Court* (2022) 80 Cal.App.5th 133, 143; compare *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 913 [suggesting such a waiver not required], with *Conservatorship of Heather W.* (2016) 245 Cal.App.4th 378, 384 [holding such a waiver required].) The decisions agree, however, "that a trial court must personally advise a person of the statutory right to a jury trial in LPS proceedings." (*K.R.*, at p. 143.) We independently review whether the trial court complied with the LPS Act, and we review the court's factual findings for substantial evidence. (See *C.O.*, at pp. 904, 918–919.)

Here, we need not address whether the trial court erred by accepting A.G.'s counsel's waiver of his right to a jury trial, because we conclude that the court's failure to personally advise A.G. of that right requires reversal. There is no dispute that the court never informed A.G. of his right to a jury trial. Although A.G. waived his appearance at the January 31 hearing, we perceive no basis on which to conclude that the court was therefore excused from giving the required advisement. Nor was the right to a jury mentioned at the trial, which A.G. did attend.

We also conclude that the error was prejudicial. The acceptance of a proposed conservatee's waiver of the right to a jury trial " 'without an express advisement may be deemed harmless if the record affirmatively shows, based on the totality of the circumstances, that the . . . waiver was knowing and voluntary.' " (*Conservatorship of C.O.*, *supra*, 71 Cal.App.5th at p. 918, quoting *People v. Blackburn* (2015) 61 Cal.4th 1113, 1136.) Here, the only evidence supporting the trial court's finding that A.G.'s waiver was knowing

3

and voluntary was his counsel's brief statements about the matter at the January 31 hearing.  Counsel provided few details about her conversation with A.G., and there was no discussion of any facts bearing on his ability to comprehend his right to a jury trial or knowingly waive it.  Because the record does not support the court's finding that A.G.'s waiver was knowing and voluntary, we conclude that the court's failure to advise him of that right requires reversal.

The February 7, 2024 judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

_____
Humes, P. J.

WE CONCUR:


_____
Banke, J.



_____
Siggins, J.*



*Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*Public Guardian of Sonoma County v. A.G.*  A169923

5